IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00232-GPG
   (Removal from Case Nos. CE22-0005 and CE22-0019, County of Adams, Town of Bennett)

THE PEOPLE OF THE STATE OF COLORADO AND COUNTY OF ADAMS, TOWN OF BENNETT,

    Plaintiff,

v.

ERIC WITT,

    Defendant.

---

### ORDER FOR SUMMARY REMAND

---

Defendant, Eric Witt, has filed *pro se* a Notice of Removal to United States District Court (ECF No. 1) removing to this Court two criminal cases from the Town of Bennett in Adams County, Colorado. The relevant state court case numbers are CE22-0005 and CE22-0019. The Court must construe the notice of removal liberally because Mr. Witt is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the case will be remanded summarily to the state court.

Title 28 U.S.C. § 1455(a) provides that a defendant seeking to remove a criminal prosecution from a state court must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." Mr. Witt fails to provide a short and plain statement of the grounds for removal of this action, and he has not

provided copies of all process, pleadings, and orders served upon him. Even construing the notice of removal liberally, the Court is unable to discern any legitimate basis for removal of this case under the relevant statutes. Title 28 U.S.C. §§ 1442, 1442a, and 1443 all authorize the removal of certain criminal prosecutions, but Mr. Witt makes no allegations relevant to § 1442, which applies to actions against federal officers or agencies, or to § 1442a, which applies to members of the armed forces.

Mr. Witt also does not articulate any basis for removal pursuant to § 1443, which authorizes the removal of certain civil rights cases. The two requirements for removal under § 1443(1) are narrow and well-defined. See *Davis v. Glanton*, 107 F.3d 1044, 1045 (3d Cir. 1997). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "A state court defendant's claim that 'prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination' is insufficient for removal." *Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (quoting *Johnson*, 421 U.S. at 219).

"Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" *Johnson*, 421 U.S. at 219 (quoting 28 U.S.C. § 1443(1)). The Supreme Court explained this requirement as follows:

\#
\#

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood, Miss., v. Peacock*, 384 U.S. 808, 828 (1966). This requirement must be supported by specific factual allegations. *See generally* 14A Charles Alan Wright et al., Federal Practice & Procedure § 3728 (2d ed. 1985).

Mr. Witt does not allege facts that demonstrate he has been denied any rights based on his race, and he fails to provide specific factual allegations regarding any inability to enforce his constitutional rights in the state court proceedings. Therefore, removal pursuant to § 1443(1) is not appropriate.

Removal pursuant to 28 U.S.C. § 1443(2) also is not appropriate. Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood*, 384 U.S. at 824. Mr. Witt does not allege that he is either a federal officer or a person assisting a federal officer in the performance of official duties providing for equal civil rights.

Therefore, because it clearly appears on the face of the notice of removal that removal of this action should not be permitted, the action will be remanded summarily to the state court pursuant to 28 U.S.C. § 1455(b)(4). Accordingly, it is

ORDERED that this case is remanded summarily to the County of Adams, Town of Bennett. It is

#
                                            6#
#

FURTHER ORDERED that the clerk of this court shall mail a certified copy of this order to the clerk of the County of Adams, Town of Bennett.   It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this   10th   day of   February  , 2023.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

\#

7#

\#