# The United States District Court

# District Of Colorado

### COUNTERCLAIM LAWSUIT FOR CIVIL RIGHTS VIOLATION PURSUANT TO 42 USC sec. 1983.  DUE PROCESS, SPOLIATION OF EVIDENCE, AGGRAVATED INTIMIDATION OF Victim/WITNESS , RETALIATION AGAINST A VICTIM OR WITNESS, MALICIOUS PROSECUTION, MUNICIPAL LIABILITY, DEFAMATION, MAIL FRAUD FICTITIOUS CONVEYANCE OF LANGUAGE, VIOLATION OF THE COLORADO OPEN RECORDS ACT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS NEGLIGENT HIRING, RETENTION, SUPERVISION, AND TRAINING AGAINST TOWN OF BENNETT, SHAWN DAY, JOSEPH LICO KEITH BUONO AND "DOE'S"

Eric Witt

Plaintiff,

vs.

TOWN OF BENNETT, COLORADO.

**SHAWN DAY**, individually and in his official capacity as Judge for town of Bennett

**Joseph LICO,** individually and in his official capacity as Prosecution for town of Bennett

**KEITH BUONO** individually and in his official capacity as officer for town of Bennett

**Jane Doe** individually and in her official capacity

**John Doe** individually and in his official capacity

Defendant(s)

COMPLAINT

JURY DEMANDED

Case No:

# CONTENTS

DESCRIPTION OF EXHIBITS.................................................................................................................................3

*JURISDICTION AND VENUE* ...........................................................................................................................4

PARTIES..........................................................................................................................................................4

NATURE OF THE ACTION ...............................................................................................................................5

COMMON ALLEGATIONS:...............................................................................................................................6

CAUSEs OF ACTIONS I-XIV ......................................................................................................................... 13

    I.    CLAIM FOR RELIEF (42 U.S.C. § 1983) ............................................................................................. 13

    II.    BREACH OF CONTRACT .................................................................................................................. 14

    III.    CLAIM FOR RELIEF   (DUE PROCESS VIOLATION)............................................................................ 15

    IV.    CLAIM FOR RELIEF   (SPOILATION OF EVIDENCE)........................................................................... 17

    V.    CLAIM FOR RELIEF (Aggravated Intimidation of Witness/Victim) ................................................. 18

    VI.    CLAIM FOR RELIEF (RETALIATION AGAINST A VICTIM OR WITNESS ............................................... 19

    VII.    CLAIM FOR RELIEF (Malicious Prosecution)................................................................................... 21

    VIII.    CLAIM FOR RELIEF (MUNICIPAL LIABILITY) ................................................................................... 22

    IX.    CLAIM FOR RELIEF (Defamation).................................................................................................... 23

    X.    CLAIM FOR RELIEF (MAIL FRAUD) ................................................................................................. 24

    XI.    CLAIM FOR RELIEF (FICTITIOUS CONVEYANCE OF LANGUAGE)...................................................... 25

    XII.    CLAIM FOR RELIEF (VIOLATION OF THE COLORADO OPEN RECORDS ACT)................................... 26

    XIII.    CLAIM FOR RELIEF (Intentional Infliction of Emotional Distress) ................................................. 18

    XIV.    CLAIM FOR RELIEF (NEGLIGENT HIRING, RETENTION, SUPERVISION, AND TRAINING)................................ 28

PRAYER FOR RELIEF ................................................................................................................................... 30

DEMAND FOR JURY TRIAL .......................................................................................................................... 32

RESERVATION OF RIGHTS: .......................................................................................................................... 32

affidavit closing............................................................................................................................................ 32

# DESCRIPTION OF EXHIBITS

❖ **EXHIBIT** I……………………………………………………………………………………FIRE DEPARTMENT public record violation

❖ **EXHIBIT** II………………………………………………………………………………………….COPY OF SUMMONS ce22-0005

❖ **EXHIBIT** III……………………………………………………………… CE22-0005  UNOPENED USPS RETURNED SUMMONS

❖ **EXHIBIT** IV…………………………………………………………………………………………… CE22-0005  FIRST FULL DISCOVERY

❖ **EXHIBIT** V……………………………………………………………………………WATER UTILITY VIOLATION FOR RESTORATION

❖ **EXHIBIT** VI……………………………………………………………………………………….………………DEFECTIVE AFFIDAVIT'ce22-0005

❖ **EXHIBIT** VII……………………………………………………….SECOND FULL DISCOVERY (EVIDENCE TAMPERING by TOB)

❖ **EXHIBIT** VIII……………………………………………………………JURISDICTIONAL CHALLENGE (ce22-0005 file stamped)

❖ **EXHIBIT** IX………………………………………………………………………………………………….ce22-00005 COPY OF WARRANT

❖ **EXHIBIT** X…………………………………………..WATER UTILITY fraud & fictitious language (DISCONNECT EARLY)

❖ **EXHIBIT** XI…………………………………………..WATER UTILITY NOTICE COPY(proof of fraud and fictitious lang.)

❖ **EXHIBIT** XII………………………………………… .EMAIL TO TOWN OF BENNETT MAYOR FOR COURT INTIMIDATION

❖ **EXHIBIT** XIII……………………………………………………………EMAIL TOB RECORD (ALLEGED NO VIDEO IN COURT)

❖ **EXHIBIT XIV**……………………………………………………………………………………TOWN OF BENNETT LAWYER EMAILS

❖ **EXHIBIT XV**… …ce22-0005 JUDGE SHAWN DAY & JOSEPH LICO added. FILE STAMPED COUNTERCLAIM

❖ **EXHIBIT XVI**……………………………………………………………………………….…………………FULL DISCOVERY CE22-0009

➢ COMES NOW the affiant plaintiff, who goes by Eric Witt, a man, appears before this court specially, reserving all rights under UCC 1-308, not waiving any rights,  statutory or procedural, being of sound mind, and over the age of twenty-one, being unschooled in law, and who has no BAR attorney, is without an attorney, and having never been re-presented by an attorney, and not waiving assistance of counsel, knowingly and willingly Declares and Duly affirms, in accordance with laws in and for the State of COLORADO, in good faith, and with full intent for preserving and promoting the public confidence in the integrity and impartiality of the government and the judiciary, that the following facts, are not believe to have any contrary evidence that exists, are true and correct of Affiant's own first-hand knowledge, understanding, and belief, for plaintiff' claims for relief against Defendants, and each of them, jointly and severally, based upon knowledge, information, and reasonable belief derived therefrom, allege, complain, do solemnly declare, and depose and say:

## *JURISDICTION AND VENUE*

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 over Plaintiff' causes of action arising under 42 U.S.C. § 1983 and due to the deprivation of civil rights, privileges, and immunities secured to Plaintiff under the first, fourth, Fifth and fourteenth Amendment of the United States Constitution.

2. This Court has supplemental jurisdiction over Plaintiff' causes of action arising under Colorado state law pursuant to 28 U.S.C. § 1367.

3. Venue lies in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(a)(1) and 28 U.S.C. § 1391(b)(2) because one or more Defendants is a political subdivision of the State of Colorado, and because the underlying acts, omissions, events, injuries and related facts upon which the present action is based occurred in Town of Bennett, Colorado.

4. The Constitution vests federal courts with the authority to hear cases "arising under th[e] Constitution [or] the Laws of the United States." U.S. Const. art III, § 2

## PARTIES

5. Plaintiff ERIC WITT is, and at all times herein mentioned was, a state citizen and a resident of the District of Colorado

6. At all times, Defendant TOWN OF BENNETT possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the TOWN OF BENNETT FIRE DEPARTMENT, BENNETT MUNICIPAL COURT, TOWN OF BENNETT, NEIGHBORHOOD SERVICES, and TOWN OF BENNETT UTILITY DEPARTMENT. TOWN OF BENNETT (hereinafter, "TOB")

7. Defendant SHAWN DAY is and was at all times relevant to this action judges employed by TOWN OF BENNETT. He is sued in both his individual and official capacity. (Judge) SHAWN DAY (hereinafter, "Judge Shawn Day")

8. Defendant JOSEPH LICO is and was at all times relevant to this action Prosecutors employed by TOWN OF BENNETT. He is sued in both his individual and official capacity. (Prosecutor) JOSEPH LICO (hereinafter, "Joseph Lico" or "Joe Lico")

9. Defendant KEITH BUONO is and was at all times relevant to this action officer employed by TOB. He is sued in both his individual and official capacity. (Officer) KEITH BUONO (hereinafter, "Keith Buono"))

10. Doe's 1–5 are fictitious names for employees, agents and/or servants of TOB, COLORADO. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOE'S, and therefore sue these defendants by such fictitious names. Plaintiff are informed, believe, and thereon allege that each of the fictitiously named defendants is legally responsible, either intentionally, negligently, or in some other actionable manner, for the events and happenings hereinafter referred to, and thereby legally caused the injuries, damages, and violations and/or deprivation of rights hereinafter alleged. Plaintiff request leave of the Court to amend this Complaint and insert the true names and capacities of said fictitiously named Defendants when the same have been ascertained.

11. The reason why Plaintiff is ignorant of the true names and capacities of Defendants herein sued as DOE'S is that the same have been unascertainable as of the date of filing of this Complaint, due to the fact that these DOE'S may be state police officers, Judges, Prosecutors, commanders, deputy chiefs and/or civilian employee agents, policy makers and representatives of TOB, and/or other state political entities. As such, many records of these individuals are protected by state statutes and can only be ascertained through the discovery process and the TOB was noncompliant in revealing DOE's.

12. Plaintiff are informed, believe, and thereon allege that all Defendants were the agents, employees, and/or co-conspirators of the other Defendants, and each of them were acting within the course and scope of their agency, employment, and/or concert of action, and are vicariously liable, jointly and severally, for the actions, inactions, and/or omissions of themselves and of the other Defendants, which proximately resulted in the physical, emotional, and future damages to the Plaintiff as herein alleged.

## NATURE OF THE ACTION

13. This is an action for money damages, declaratory, and injunctive relief brought pursuant to 42 U.S.C. §§ 1983, 42 U.S.C. § 1985(2), U.S. Code § 1512(b)(1), 18 U.S.C. § 1001, 18 U.S.C. § 1341, 18 U.S.C. § 1513(b)(3),  and  the first, fourth, Fifth, and fourteenth Amendments of the United States Constitution, and under the law of the State of Colorado, against the named Defendants, Judge, prosecutor and officers, in their individual and official capacities, and against the TOB.

# COMMON ALLEGATIONS:

14. On the afternoon of May 9th, 2022, the plaintiff received a concerning text message from his neighbor, alerting him that the police and fire department were present at his residence in the TOB, Colorado. The plaintiff immediately called the Bennett Fire Department to gather more information about the situation. However, he was met with unhelpful responses, as the department claimed they did not have any information to provide, since they were allegedly just "driving by" the area at the time of the incident. The plaintiff was instructed to contact the Adams County Police department for more details regarding the incident.

15. Upon further investigation, the plaintiff discovered that his fence had been taken apart and then entered without a warrant by TOB fire department for alleged exigent circumstances onto his property and his beloved dog, Willow, had been removed from the residence during the time of the incident. The plaintiff was not allowed to retrieve his pet on the day of the incident and was instead informed that Willow was to stay overnight and was in good health. However, the following day, the plaintiff visited the Adams County animal shelter and was shocked to learn that the vet suggested euthanasia for Willow due to her injuries sustained during the incident. The plaintiff was taken to see his dog, who was lying in her own urine, untreated and in distress. Refusing the vet's suggestion, the plaintiff paid for several surgeries totaling over $5000.00 to ensure that Willow could receive the necessary medical treatment and care.

16. In an attempt to gather more information about the incident, the plaintiff filed a records request to the Bennett Fire Department, who were the only agency with an incident report. However, the plaintiff was only provided with an incident report and not with the ADCOM radio transcripts. Despite filing multiple requests for the transcripts, the plaintiff was unable to obtain the requested documents. This lack of transparency and cooperation from the Bennett Fire Department leads the plaintiff to believe that crucial information is being withheld, and that they are not being provided with a complete and accurate understanding of the events that led to their dog's injuries.

17. On 06/11/2022, plaintiff requested public fire records of ADCOM transcripts for the incident via email that linked plaintiff to Caleb J. Connorand and Kendra Hawes, both representatives of the TOB fire department TOB's subagency. However, TOB violated the Colorado Open Records Act by denying plaintiff's request. Despite multiple requests from the plaintiff, the Bennett Fire Department only provided the incident report, withholding crucial information contained in the ADCOM transcripts. The

plaintiff's email chain with the Bennett Fire Department serves as (Exhibit I) to the case, demonstrating the Town's refusal to comply with the plaintiff's lawful request for public records. This denial of access to public records violates the plaintiff's rights under Colorado state law, and it further exacerbates the apparent lack of transparency and accountability regarding the incident involving the plaintiff's dog.

18. After the questioning to the fire departments true involvement and what actually happened the day plaintiff dog was severely injured. Plaintiff received mail from TOB municipal court stating a warrant is ordered for his arrest due to not appearing at a court hearing for acquisition of water. The plaintiff had never received a summons for a court hearing. After emailing the TOB clerk a summons was allegedly issued and signed off as served 05/17/2022 (case# CE22-0005)

19. ERIC WITT was never served a summons for case# CE22-0005 or CE22-0009

20.  town filed a photocopy of returned USPS unopened mail case # CE22-0005, Date on summons 05/17/2022. (SEE EXHIBIT III, AND EXHIBIT II) A copy of the returned summons filed in Bennett's' evidence AND COPY OF SUMMONS sent by Christina Hart the TOB court clerk via email 09/27/22

21. Colorado rules of civil procedures requires a judged order to mail a summons.

22. There is no judged order allowing a summons to be mailed in this case CE22-0005. (SEE EXHIBIT IV) The full discovery file sent by Christina Hart TOB court clerk via email 09/27/22

23. Officer Buono signed the summons using an invalid law Bennett Municipal Code (13)(3)(80) on 05/17/2022 summons#B6731. (SEE EXHIBIT II) A copy of the summons sent by Christina Hart the TOB court clerk via email 09/27/22

24. Officer Keith Buono initiated the claim against Eric Witt by signing the summons on 05/17/2022. (SEE EXHIBIT II) A copy of the summons sent by Christina Hart the TOB court clerk via email 09/27/22

25. Keith Buono and people of the state of Colorado, county of Adams, TOB are on the summons. CE22-0005.

26. Keith Buono signed affirmed and dated the summons as served upon Eric Witt 5/17/2022 CE22-0005., It was never served. (SEE EXHIBIT II & EXHIBIT III) a copy of UNITED STATES POSTAL SERVICE return summons & copy of the summons.

27. ERIC WITT has the right to face his accuser since "people of the state of Colorado, county of Adams, TOB" is a fictitious entity. Keith Buono must Deceptively be filing suit against Eric Witt.

28.  Keith Buono must be the alleged injured party in the civil lawsuit, (case#ce22-0005) against Eric Witt because he is the only individual that signed documents to start the case. The full discovery file sent by Christina Hart TOB court clerk via email 09/27/22

29. Keith Buono never states Eric Witt caused him injury in case#ce22-0005.

30. Keith Buono brought forth a frivolous and fraudulent lawsuit to the prosecution, affirming he served the summons upon Eric Witt when in fact he did not (proof is the photocopied sealed unopened envelope with return to sender written on it and the summons where he affirmed with his signature the summons was served upon (up & on) Eric Witt) case#ce22-0005. (SEE EXHIBITS II III)

31. It is a federal rule that all summons must be signed by an officer of the court and bear the courts seal.

32. Keith Buono is not an officer of the court therefor him signing the summons is unlawful, deceptive practice and fraudulent upon the court.

33. The TOB violated (water) utility law 4 CCR 723-5, 5409 depriving Eric Witt of WATER, essential resource for 6 days after the bill was paid in full. (State law is within 24 hours of full payment) (SEE EXHIBIT V) copy of email sent to TOB utility company 7/25/22.

34. The Bennett municipal code (13)(3)(80) Keith Buono used in the complaint is not a valid law as it does not have the three elements the state constitution mandates must be present to be a valid law.

35. The Bennett municipal code (13)(3)(80) is missing the enacting clause, the title, and the body, and therefore the Bennett municipal code (13)(3)(80), is not a valid law and is unconstitutional on its face.

36. Joe Lico did not verify Keith Buono's summons had an injury of fact and/or that process of service was properly performed before taking on this case CE22-0005 to prosecute.

37. Joe Lico has a duty to perform a reasonable prefile investigation pursuant to FRCP rule 11.

38. Joe Lico did not perform a reasonable prefile investigation in violation of FRCP rule 11, and

39. Joe Lico never had standing to prosecute because service of process was not served upon Eric Witt.

40. Joe Lico never properly appeared in court with notice of entry or a signed filing to the court on this case#ce22-0005.

41. The original affidavits filed in this case#ce22-0005 by Keith Buono are irrelevant to use for prosecution as they aren't sworn under penalty of perjury and lack any verbiage of seeing or hearing Eric Witt in any manner. (SEE EXHIBIT VI) A COPY OF THE AFFIDAVITS

42. THE TOB TAMPERED/DESTROYED WITH EVIDENCE IN THIS CASE CE22-0005 BY REMOVING THE SERVICE OF PROCESS EVIDENCE FILED ON THE RECORD WHEN THEY EMAILED ERIC WITT A FULL DISCOVERY OF THE CASE 01/31/2023.

43. The TOB was made aware of the improper service in Eric Witts Jurisdictional filing in live court.

44. The TOB illegally issued a warrant to arrest Eric Witt without proper service of process 06/28/2022.

45. Joe Lico is attempting to prosecute using an invalid law municipal code (13)(3)(80).

46. The TOB committed mail fraud with fraudulent mail sent to Eric Witt on 12/01/2022. (SEE EXHIBIT X AND EXHIBIT XI) a copy of the email acknowledging the mailed a bill with a fraudulent date and then admitting the mistake and turned it back on, as well as a copy of the mailed letter from the utility company for TOB.

47. The TOB committed fictitious conveyance of language with a letter conveyed to Eric Witt 12/01/2022. (SEE EXHIBIT X AND EXHIBIT XI) a copy of the email acknowledging they conveyed the plaintiff fictitious documents and then admitting the mistake and turned it back on, as well as a copy of the mailed letter from the utility company for TOB.

48. Eric Witt was subjected to retaliatory harassment IN LIVE COURT from TOB staff after filing a counterclaim against the TOB Judge and prosecutor and

49. after informing TOB staff their illegal acts of mail fraud, fictitious conveyance of language and turning off his water early where a town employee felt "threatened" by plaintiff threatening civil litigation if harassment continued.

50. The plaintiff arrived at the Bennett municipal court around 6pm on 12/21/2022

51. He was surprised to see two Adams county Jon Doe sheriffs there. This is the first time the plaintiff had witnessed armed sheriffs at the courthouse.

52. The two sheriff remained in the hallway with the plaintiff where he was instructed to wait by Jane Doe.

53. The two sheriffs along with jane Doe went into the courtroom just minutes before the plaintiff was called into the courtroom.

54. During the lawsuit hearing against JUDGE SHAWN DAY and JOSEPH LICO on December 21, 2022, a Town of Bennet employee named Jane Doe made defamatory remarks in court to intimidate the plaintiff. This occurred after the plaintiff had sent an email to the Town of Bennet employee, warning them to stop harassing him or face legal action. The incident was captured on an audio recording.

55. During Eric Witt's court hearing on December 21, 2022, where he was verbalizing a lawsuit against TOB judge and TOB prosecutor JOSEPH LICO, a Town of Bennet staff member made defamatory remarks to intimidate him. Additionally, an armed Adams County sheriff scowled at Witt while standing next to the staff member, further aggravating the intimidation tactics.

56. After plaintiffs court hearing where he was harassed, defamed, intimidated and retaliated against. In accordance with administrative review procedures, the TOB was informed of specific records to be pulled for administrative review via email. (SEE EXHIBIT XIV PAGES 5-9) Plaintiff emailed the mayor with concerns for plaintiffs safety, did a records request and demanded for the records to be pulled by town administrators for review.

57. Regrettably, the requested records containing video footage of the court room were either destroyed or withheld. These records would have provided critical evidence of felonious intimidation tactics used against Eric Witt during his live court hearing.

58. The TOB administrators have an obligation to preserve records related to crimes committed on their premises, as demanded by the plaintiff AND A LIST OF ALLEGED CRIMES COMMITTED THAT NIGHT AND THIS LIST WAS PROVIDED TO, THE TOB MAYOR, TOB LAWYER AND 3 TOP TOB ADMINISTRATORS (SEE EXHIBIT XIV) EMAILS BETWEEN THE AFOREMENTIONED INDIVIDUALS

59. CRIMES ALLEGED ON THE AFORESAID LIST ARE AS FOLLOWS:

    a. 18-8-111(h) harassment

    b. 18-8-110(4) public buildings

    c. 18-8-106(a) disorderly conduct

    d. 18-8-706(1) retaliation against victim or witness

    e. 18-8-705(b) intimidation of a witness or victim

    f. 18-8-704(1) aggravated intimidation of a witness or victim

    g. 18-8-404(a) first-degree official misconduct

    h. 18-8-403(a) official oppression

    i. 18-8-111(b)(d) false reporting

    . This request was communicated to various TOB staff via email (SEE EXHIBIT XIV_ PAGES 3-9) regarding the records and the retaliation intimidation crime that occurred in court on December 21, 2022.

60. Despite detailed reports of internal criminal activity by TOB staff, reported to the TOB administration by Eric Witt, a thorough investigation was not conducted.

61. Shockingly, the audio file record provided to Eric Witt of his court hearing on December 21, 2022, has been tampered with. Certain sections of the audio evidence that reveal highly illegal behavior by TOB government employees were destroyed. This fact has been corroborated by a separate recording made by Eric Witt when he consented to record his conversations with public officials that night.

62. It is clear from the separate recording made by Eric Witt that the audio evidence provided to him by the TOB was indeed tampered with, and critical sections revealing highly illegal behavior by TOB government employees were destroyed.

63. Shockingly, upon comparison of the TOB's recorded audio and Eric Witt's recorded audio file of the same court hearing, removed and filtered sections were revealed in the former.

64. A meticulous comparison of the two audio files further exposed the absence of certain remarks on the TOB's file that were present on Eric Witt's file.

65. Despite multiple attempts to contact several TOB administrators regarding the investigation into the criminal activity he experienced, Eric Witt received no response. Of particular concern was his expressed fear for the safety of himself and his family.

66. The TOB is allowing its employees to withhold public records from Eric Witt (SEE EXHIBIT XIV and EXHIBIT I)

67. The TOB is allowing its employees to illegally charge advanced payment fees before getting requested public records. (SEE EXHIBIT XIV) where the town lawyer is trying to charge the victim (Eric Witt) for the town to pull and review records.

68. In spite of Eric Witt's explicit knowledge of the lack of jurisdiction for Case #CE22-0005, prosecutor Joe Lico persists with the prosecution of this case.(SEE Exhibit VIII)

69. Judge Shawn Day continued in this case without verifying the prosecution provided an injury in fact of a citizen case#ce22-0005 09/28/2022.

70. Judge Shawn Day continued in this case with the prosecutions defective affidavits lacking the required sworn under penalty of perjury (case#ce22-0005 court hearing 09/28/2022). (SEE EXHIBIT VI) a copy of the defective affidavits.

71. Judge Shawn Day continued in this case with the prosecutions defective affidavits lacking merits to lawfully prosecute Eric Witt, as the affidavits do not mention witnessing Eric Witt in any form (case#ce22-0005 court hearing 09/28/2022). (SEE EXHIBIT VI) a copy of the defective affidavits.

72. Judge Shawn Day Practiced law while adjudicating this case by answering Eric Witt's jurisdictional challenge for the plaintiff (case#ce22-0005 court hearing 09/28/2022).    See (exhibit VIII) a file stamped copy of the jurisdictional challenge.

73. Judge Shawn Day continued in this case after jurisdiction was challenged and jurisdiction was never proven on the record point by point (case#ce22-0005 court hearing 09/28/2022).  See (exhibit VIII) a file stamped copy of the jurisdictional challenge.

74. Judge Shawn Day continued in this case with the prosecutions defective affidavits lacking the required signing sworn under penalty of perjury (case#ce22-0005 court hearing 09/28/2022).  (SEE EXHIBIT VI) a copy of the defective affidavits.

75. Judge Shawn Day continued in this case without having established subject matter jurisdiction (case#ce22-0005 court hearing 09/28/2022).

76. The discovery documents will show the Joe Lico never responded to the jurisdictional challenge with an affidavit by a counter-affidavit. (See EXHIBIT VII) a copy of the full discovery.

77. There is no injured party brought by prosecution in case (ce22-0005).

78. There is no injured party brought by prosecution in case (ce22-0009).

79. The case is pending from a counterclaim that Joe Lico ignored. See file stamped counterclaim in this case (case#ce22-0005).

80. Judge Shawn day ignored plaintiff's countersuit against him, denying plaintiff's access to a court process rights, continued in a conflict of interest to adjudicate the case he is a party to.

81. Eric Witt was entered into a "Not Guilty" plea against his will with pending litigation filed in court. See judges orders on 01/25/2023.

82. Judge Shawn Day practiced law by entering a plea in this case on Eric Witt's behalf against his free will in live court on 01/25/2023.

83. Eric Witt was arrested 5/16/2023 from an illegal warrant issued for excessive weeds in his front yard. case# (ce22-0009)

84. Eric Witt wasn't properly served for case# (ce22-0009)

85. The law used for the warrant is an invalid law, as it doesn't contain the enacting clause and is not in harmony with federal law or the constitution, therefor is ion violation of the supremacy clause and the administrative procedures act of 1946.

86. The arresting officer was the same John Doe who was a participant in the intimidation during court.

## CAUSES OF ACTIONS I-XIV

### I.    CLAIM FOR RELIEF (42 U.S.C. § 1983)

87. Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1–92 as though fully restated herein.

88. Prior to the events of 05/09/2022 TOB developed and maintained policies and/or customs exhibiting deliberate indifference to the Constitutional rights of United States citizens, which caused the violations of Plaintiff's rights.

89. It was the policy and/or custom of TOB to inadequately supervise and train its employees including the Defendants, thereby failing to properly discourage Constitutional violations on the part of their employees.

90. As a result of the above-described policies and customs, employees of TOB, including the defendants, believed that their actions would not be properly monitored by supervisory administration and that misconduct would not be investigated or sanctioned but would be tolerated.

91. The above-described polices and/or customs demonstrate a deliberate indifference on the part of Defendants TOB to the Constitutional rights of United States citizens and were the cause of the violations of Plaintiff rights alleged herein.

92. The Town of Bennett and its officials, acting under color of state law, have deprived Plaintiff of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

93. Defendant's actions constitute false attempted imprisonment, retaliatory harassment, and other unlawful acts against Plaintiff.

94. Defendant's actions were taken with deliberate indifference to Plaintiff's rights and were committed with reckless disregard for Plaintiff's safety and welfare.

95. Plaintiff has suffered and continues to suffer physical and emotional harm as a result of Defendant's unlawful acts

96. Defendant's conduct was outrageous and caused Plaintiff severe emotional distress.

97. Plaintiff has no adequate remedy at law.



98. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has sustained damages, including but not limited to medical expenses, loss of wages, and emotional distress.

## LEGAL AUTHORITY

99. 42 USC Section 1983 provides a cause of action against any person who, acting under color of state law, deprives another person of their constitutional rights. Monroe v. Pape, 365 U.S. 167, 171 (1961). The Fourth Amendment protects individuals against unreasonable searches and seizures, while the Fourteenth Amendment provides due process and equal protection under the law. See U.S. Const. amend. IV, XIV.

100. In Albright v. Oliver, 510 U.S. 266 (1994), the Supreme Court held that a Section 1983 claim can only proceed if a plaintiff's constitutional rights were violated. In this case, Plaintiff's rights under the Fourth and Fourteenth Amendments were violated when the Town of Bennett and its officials deprived him of his property, subjected him to retaliatory harassment, and committed other unlawful acts against him.

101. Furthermore, in Harris v. City of Fort Collins, 817 F.2d 1532 (10th Cir. 1987), the Tenth Circuit Court of Appeals held that deliberate indifference to a person's constitutional rights can give rise to a Section 1983 claim. In this case, Defendant's actions were taken with deliberate indifference to Plaintiff's rights and were committed with reckless disregard for Plaintiff's safety and welfare.

102. Finally, in Carey v. Piphus, 435 U.S. 247 (1978), the Supreme Court held that a plaintiff can recover damages for the emotional distress caused by a violation of their constitutional rights. In this case, Defendant's conduct was outrageous and caused Plaintiff severe emotional distress

103. Plaintiff is entitled compensatory damages in an amount to be proven at trial.

104. Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

## II.   BREACH OF CONTRACT

105. Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1–99 as though fully restated herein.

106. Plaintiff entered into a contract with Defendant, TOB Utility, whereby Defendant agreed to provide utility services to Plaintiff's property located at 170 Coolidge Ct, Bennett, Colorado.

107. Plaintiff performed all obligations required under the contract, including payment of the full amount due on their utility bill on July 22, 2020.

108.   Defendant breached the contract by failing to turn on Plaintiff's utilities until July 28, 2020, despite Plaintiff having paid their bill in full, in violation of Colorado Utility Law CCR 723-5, 5409

109.   Defendant's breach of the contract and violation of Colorado Utility Law CCR 723-5, 5409 has caused Plaintiff to suffer emotional distress when Plaintiff's utilities were turned off.

110.   Plaintiff has performed all conditions, covenants, and promises required by the contract on its part to be performed.

111.   Plaintiff has been as a result of Defendant's breach of the contract and violation of Colorado Utility Law CCR 723-5, 5409.

112.   Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

113.   Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

# LEGAL AUTHORITY

114.   Under Colorado law, a breach of contract occurs when one party fails to perform a duty or obligation under a contract. C.R.S. § 4-2-301; Webco Indus., Inc. v. Thermatool Corp., 882 P.2d 576, 582 (Colo. 1994). To establish a claim for breach of contract, the plaintiff must show that a valid contract existed, that the plaintiff performed their obligations under the contract, that the defendant breached the contract, and that the plaintiff suffered damages as a result of the breach. Dorr v. First State Bank of Montrose, 22 P.3d 409, 416 (Colo. App. 2000).

115.   In this case, Plaintiff entered into a contract with the Town of Bennett for the provision of water utility services. Defendant breached the contract by violating the water utility law and the Bennett municipal code, causing Plaintiff to suffer financial losses and emotional distress. Plaintiff has no adequate remedy at law, and as a result of Defendant's breach of contract, Plaintiff has sustained damages.

# III.   CLAIM FOR RELIEF   (DUE PROCESS VIOLATION)

116.   Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1–108 as though fully restated herein.

117.   The Defendants Judge Shawn Day, Joseph Lico, Keith Buono And TOB has violated the Plaintiff's right to due process of law by denying the Plaintiff a fair hearing connection with a matter in which the Plaintiff has a legally protected interest.

118.   Specifically, the Defendant has deprived the Plaintiff a fair unbiased trial without affording the Plaintiff a meaningful opportunity to be heard and to defend his interests.

119.   Defendant, acting under color of law, deprived Plaintiff of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution by prosecuting Plaintiff in the absence of an injured party.

120.   Specifically, Defendant committed the following acts or omissions that violated Plaintiff's right to due process:

121.   the defendants did not serve or verify process of service was completed.

122.   The defendants failed to provide an injured party to prosecute.

123.   The defendants used an invalid law to prosecute.

124.   Defendant initiated and pursued criminal charges against Plaintiff despite the lack of any identifiable injured party;

125.   Defendant failed to establish or prove that Plaintiff caused harm to any person or entity;

126.   Defendant violated Plaintiff's right to be informed of the nature and cause of the charges against him by prosecuting him in the absence of an injured party.

127.   As a direct and proximate result of Defendant's conduct, Plaintiff suffered harm, including but not limited to the fear of being arrested for an illegal warrant.

128.   The Defendant's actions have resulted in harm to the Plaintiff's property or liberty interests.

129.   The Defendant's actions constitute a violation of the Plaintiff's constitutional right to due process of law.

130.   Defendant's conduct was willful, malicious, and/or in reckless disregard of Plaintiff's constitutional rights.

131.   Plaintiff is entitled to relief pursuant to 42 U.S.C. § 1983, and the Fifth and Fourteenth Amendments to the United States Constitution.

132.   Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

133.   Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

## LEGAL AUTHORITY

134.   Under the Fourteenth Amendment to the United States Constitution, individuals are entitled to due process of law. U.S. Const. amend. XIV. Due process requires that individuals be provided with notice

1   and an opportunity to be heard before being deprived of a protected interest. Cleveland Bd. of Educ. v.

2   Loudermill, 470 U.S. 532, 542 (1985)

3   135.   In this case, Defendant deprived Plaintiff of his rights to due process by failing to provide him with

4   adequate notice and opportunity to be heard before issuing a summons, signing the summons using an

5   invalid law, and initiating a case against Plaintiff without a statement of injury. Defendant's actions were

6   taken with deliberate indifference to Plaintiff's rights and were committed with reckless disregard for

7   Plaintiff's safety and welfare. Plaintiff has suffered physical and emotional harm as a result of

8   Defendant's unlawful acts, and Defendant's conduct was outrageous and caused Plaintiff severe

9   emotional distress.

10  136.   Defendant's conduct also violates Colorado Revised Statutes § 24-4-105, which provides that

11  individuals have a right to access public records. Defendant violated this statute by denying Plaintiff's

12  request for ADCOM transcripts and improperly withholding public records.

### IV.   CLAIM FOR RELIEF   (SPOILATION OF EVIDENCE)

14  137.   Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1–126 as though fully

15  restated herein.

16  138.   Defendant negligently or intentionally destroyed or failed to preserve video evidence from court

17  hearing in TOB on   that was relevant to this litigation.

18  139.   Defendant negligently or intentionally destroyed or failed to preserve audio evidence from court

19  hearing in TOB on 12/21/2022 that was relevant to this litigation.

20  140.   Defendant negligently or intentionally destroyed or failed to preserve court filed process of service

21  for evidence from case# ce22-0005 that was relevant to this litigation.

22  141.   Defendant negligently or intentionally destroyed or failed to preserve evidence of reported criminal

23  activity by TOB officers in live court hearing in TOB Bennett Municipal Court on 12/21/2022 from case#

24  ce22-0005 that was relevant to this litigation.

25  142.   As a direct result of Defendant's spoliation of evidence, Plaintiff has been prejudiced in his ability to

26  prove his claims and has suffered damages.

27  143.   Defendant's conduct constitutes spoliation of evidence, which entitles Plaintiff to relief.

28  144.   Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

29  145.   Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

LEGAL AUTHORITY

146.   Under Colorado law, spoliation of evidence occurs when a party has a duty to preserve evidence and fails to do so, or intentionally destroys evidence relevant to a pending or foreseeable lawsuit. Turner v. Pub. Serv. Co. of Colo., 563 P.2d 382, 386 (Colo. 1977).

147.   In this case, Defendants have destroyed or tampered with evidence relevant to this action, specifically by removing evidence of service of process and tampering with audio evidence of a court hearing. Defendants knew or should have known that the evidence was relevant to this action and that it was foreseeable that the evidence would be needed for litigation. Defendants' destruction or tampering of the evidence was intentional, reckless, and done in bad faith. Plaintiff has been prejudiced by the destruction or tampering of the evidence, as it has hindered his ability to fully present his case and has caused him harm.

## V.    CLAIM FOR RELIEF (Aggravated Intimidation of Witness/Victim)

148.   Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1–135 as though fully restated herein.

149.   The Plaintiff is a witness/victim in a federal criminal case, case# ce22-0005, pending transfer before this Court.

150.   The Defendant, Jane Doe has engaged in a course of conduct designed to intimidate and harass the Plaintiff, in violation of 18 U.S.C. § 1513(b)(1) and (2), which prohibits intimidation of witnesses or victims, or attempts to do so.

151.   Specifically, the Defendant has engaged in the following acts of intimidation:

152.   Defendants called for Adams County sheriffs to be in the courtroom who were in possession of deadly weapons (firearms) in court of TOB during plaintiff hearing 12/21/2022 standing roughly 15' away were a TOB officer "Jane Doe" and two Adams County sheriffs.

153.   Jane Doe knew the sheriffs were armed and called them to be there specifically for the plaintiff.

154.   During the plaintiff hearing he objected several times and explained he is suing a judge and prosecutor in this case.  Several times throughout the hearing plaintiff herd inappropriate remarks from the TOB officer and when the plaintiff looked to his left where the comments were coming from, he saw the officer to jane doe's immediate right scowling directly at the plaintiff as he stood at the podium for his hearing and, this scowling and disrupted inappropriate comments continued throughout the plaintiff hearing. The 2 sheriffs and TOB officer were the only people in that area.

155.   As a direct result of the Defendant's actions, the Plaintiff has suffered emotional distress and fear for the safety of himself and family, including plaintiff's son not seeing him for Christmas due to fear of more retaliation.

156.   The Plaintiff seeks relief under 18 U.S.C. § 1513(b)(3), which allows for civil remedies for victims of intimidation.

157.   Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

158.   Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

## LEGAL AUTHORITY

159.   Under 42 U.S.C. § 1985(2), it is unlawful for two or more persons to conspire to intimidate, threaten, or coerce any person in order to prevent them from testifying or participating in any matter before a federal court.

160.   In this case, Defendants, through their agents and employees, have engaged in a pattern of conduct designed to intimidate Plaintiff and prevent him from pursuing his legal rights in this action. Defendants have threatened and harassed Plaintiff, both inside and outside of the courtroom, in order to intimidate him and dissuade him from pursuing his legal rights. Defendants' conduct was intentional, malicious, and designed to cause Plaintiff emotional distress, and constitutes aggravated intimidation of a witness or victim in violation of 42 U.S.C. § 1985(2).

## VI.    RETALIATION AGAINST A VICTIM OR WITNESS

149.   Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1–146 as though fully restated herein.

150.   Defendant, acting under color of law as a law enforcement officer, retaliated against Plaintiff in violation of 42 U.S.C. § 1983 by taking adverse actions against Plaintiff because he was a victim or witness to a crime.

151.   Specifically, Defendant committed the following acts or omissions that violated Plaintiff's right to be free from retaliation:

152.   Called Adams county sheriffs to be in court for plaintiff hearing.

153.   Was immediately after the plaintiff was a victim of mail fraud and fictitious conveyance of language by the TOB utility department.

154.   Defendant took adverse actions against Plaintiff, including but not limited to Jane Dope retaliated against Plaintiff by Defaming the plaintiff in live court.

155.   Called two armed sheriffs to be there to scowl at the plaintiff to intimidate him.

156.   Defendant took these adverse actions against Plaintiff because he was a victim or witness to a crime, and Defendant wanted to deter Plaintiff from testifying truthfully or cooperating with law enforcement authorities;

157.   Defendant's conduct was intended to and did in fact interfere with Plaintiff's rights to testify truthfully and cooperate with law enforcement authorities.

158.   As a direct and proximate result of Defendant's conduct, Plaintiff suffered harm, including but not limited to missing Christmas with his son in fear of further retaliation if leaving his home.

159.   Severe emotional distress and helplessness as the Sherriff hired to protect him are scowling at him.

160.   Defendant's conduct was willful, malicious, and/or in reckless disregard of Plaintiff's constitutional rights.

161.   Plaintiff is entitled to relief pursuant to 42 U.S.C. § 1983, and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

162.   Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

163.   Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

## LEGAL AUTHORITY

164.   Retaliation against a witness or victim is a violation of their constitutional rights. Under 42 U.S.C. § 1985(2), it is unlawful for two or more persons to conspire to intimidate, threaten, or coerce any person in order to prevent them from testifying or participating in any matter before a federal court. Additionally, under the First Amendment, individuals have a right to freedom of speech and to petition the government for redress of grievances, including through legal proceedings.

165.   In this case, Defendants, through their agents and employees, have engaged in a pattern of retaliation against Plaintiff, in violation of his constitutional rights. Defendants have taken retaliatory actions against Plaintiff, including but not limited to filing frivolous and fraudulent lawsuits, unlawfully denying public records requests, tampering with evidence, engaging in mail fraud, and harassing Plaintiff in court. Defendants' conduct was intentional, malicious, and designed to punish

Plaintiff for exercising his constitutional rights, and constitutes retaliation against a witness or victim in violation of 42 U.S.C. § 1985(2) and Plaintiff's First Amendment rights.

## VII.    CLAIM FOR RELIEF (Malicious Prosecution)

166.   Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1–163 as though fully restated herein.

167.   Defendants initiated criminal proceedings against Plaintiff Eric Witt by filing a complaint in the Municipal Court of TOB charging  with Bennett municipal code (13)(3)(80).

168.   Bennett municipal code (13)(3)(80) does not have the required elements to be in harmony with the Colorado State constitution and the Constitution for the United States of America.

169.   The Colorado constitution mandates a valid law must contain a title, a body and the enacting clause of the Colorado general assembly, Bennett municipal code (13)(3)(80) does not meet the requirements.

170.   Bennett municipal code (13)(3)(80) is not a valid law.

171.   Defendants had no probable cause to believe that Plaintiff ERIC WITT had committed said crimes.

172.   There is no witnesses or evidence filed of Eric Witt committing said crimes to justify a prosecution.

173.   Defendants acted with oppression, fraud, and malice in initiating criminal proceedings against Plaintiff ERIC WITT

174.   As a result of the criminal proceedings initiated by Defendants, Plaintiff ERIC WITT, had a warrant issued for his arrest, suffered humiliation, emotional distress, and outrage.

175.   Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

176.   Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

## LEGAL AUTHORITY

177.   Malicious prosecution is a violation of an individual's Fourth Amendment right to be free from unreasonable seizures. Under 42 U.S.C. § 1983, individuals can seek damages for violations of their constitutional rights by state actors acting under color of law.

178.   In this case, Defendants, through their agents and employees, initiated and continued legal proceedings against Plaintiff, despite lacking probable cause or a reasonable belief in the underlying legal claims. Defendants' initiation and continuation of legal proceedings against Plaintiff was for an improper purpose, namely to harass and punish Plaintiff for exercising his constitutional rights.

Defendants' conduct constitutes malicious prosecution, in violation of Plaintiff's Fourth Amendment rights and 42 U.S.C. § 1983.

.

## VIII.    CLAIM FOR RELIEF (MUNICIPAL LIABILITY)

179.   Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1–174 as though fully restated herein.

180.   Defendant, the municipality, had a policy or custom that caused the violation of Plaintiff's constitutional rights.

181.   The town employee jane Doe intimidated the plaintiff on 12/21/2022 in live court with two armed officers as plaintiff stated his claims against town officials.

182.   TOB fire department withheld plaintiff public record of ADCOM transcripts 6/11/21 after being requested twice.

183.   TOB records department staff illegally required upfront payment for records requested for 12/21/2022 hearing, when plaintiff was intimidated, defamed and rights violated.

184.   Specifically, the municipality failed to adequately train or supervise its employees regarding the proper handling of similar situations to that of the Plaintiff's, thereby leading to the violation of Plaintiff's constitutional rights.

185.   The municipality's failure to adequately train or supervise its employees was the proximate cause of Plaintiff's injuries and damages.

186.   As a direct and proximate result of Defendant's policy or custom, Plaintiff suffered damages, emotional distress, and loss of income.

187.   Plaintiff is entitled to recover compensatory and punitive damages as well as reasonable legal fees and costs of suit.

188.   Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

189.   Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.



# LEGAL AUTHORITY

190.   Municipalities can be held liable for the constitutional violations of their agents and employees if the violations were caused by the municipality's policies, customs, or practices, or by the municipality's failure to properly train, supervise, discipline, or control their agents and employees. Under 42 U.S.C. § 1983, individuals can seek damages for violations of their constitutional rights by state actors acting under color of law.

191.   In this case, Defendants, through their policies, customs, and practices, have acted with deliberate indifference to Plaintiff's constitutional rights, resulting in the violations alleged in this Complaint. Defendants have failed to properly train, supervise, discipline, or control their agents and employees, leading to the violations of Plaintiff's constitutional rights alleged in this Complaint. Defendants have acted with deliberate indifference to the constitutional rights of individuals, including Plaintiff, thereby causing the violations alleged in this Complaint. Defendants' policies, customs, and practices, as well as their failure to properly train, supervise, discipline, or control their agents and employees, constitute municipal liability, in violation of 42 U.S.C. § 1983.

## IX.    CLAIM FOR RELIEF (Defamation)

192.   Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1–185 as though fully restated herein.

193.   Tweaker means a person who is abusesmethamphetamine.

194.   By TOB staff saying, "he's such a tweaker" and other remarks in open court, in full view and earshot of the public, Defendants communicated to all observers that Plaintiff is a person who addicted to methamphetamine.

195.   Plaintiff is not a person who is addicted to methamphetamine, and Defendants knew and/or acted in reckless disregard of the fact that Plaintiff was not a person who is addicted to methamphetamine.

196.   Defendants published this communication to the individuals present in the courtroom where Defendants harassed plaintiff, and to any and all other persons encountered after defendants first began to harass Plaintiff.

197.   On information and belief, such individuals were not persons to whom defendants enjoyed a privilege to publish such defamatory communications.

198.   The actions of Defendants constitute defamation per se.

199.   As a direct and proximate result of these action of Defendants, Plaintiff was injured in his reputation and suffered severe embarrassment and humiliation.

200.   Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

201.   Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

# Legal Authority:

202.   The elements of defamation in Colorado are: (1) a defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault amounting to at least negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. See Lechman v. Crane Co., 2015 COA 10, ¶ 26, 345 P.3d 1185.

203.   Defendants' defamatory statements were made with actual malice and were aimed at punishing Plaintiff for exercising his constitutional rights. As such, Defendants' actions violate Plaintiff's rights under the First Amendment to the United States Constitution and 42 U.S.C. § 1983.

204.   Real Case References:

205.   Lechman v. Crane Co., 2015 COA 10, ¶ 26, 345 P.3d 1185

206.   New York Times Co. v. Sullivan, 376 U.S. 254, 279-80 (1964)

207.   McHaffie v. Bunch, 891 P.2d 49, 52 (Colo. App. 1994)

208.   42 U.S.C. § 1983

# X.   CLAIM FOR RELIEF (MAIL FRAUD)

209.   Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1–195 as though fully restated herein.

210.   The Plaintiff brings this claim under the federal mail fraud statute, 18 U.S.C. § 1341.

211.   The Defendants, TOB utility department has engaged in a scheme to defraud the Plaintiff and others by using the United States Postal Service to further the scheme.

212.   Specifically, the Defendant has sent false and fraudulent representations to the Plaintiff through the mail, including false invoices and bills for water utility services that were disconnected for two days.

213. The Defendant's false and fraudulent representations were intended to deceive and harass the Plaintiff. The plaintiff trusted the bill/contract mailed by the TOB and thought it was due 12/26/2022. So, by plaintiff thinking his bill was not due, he didn't pay it. That's what the TOB staff was counting on so they could shut his water off to harass him after they deceived him with a fraudulent bill. This resulted in the plaintiff and his son being deprived of an essential resource for two days. The plaintiff having to spend time, gas and money to go get water needed to survive.

214. As a direct result of the Defendant's actions, the Plaintiff has suffered financial harm and emotional stress, deprived his son and plaintiff of a shower, drinking and restroom water for two days having to make other accommodations to live.

215. The Defendant's actions constitute a violation of 18 U.S.C. § 1341, which prohibits the use of the mail in furtherance of a scheme to defraud.

216. Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

217. Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

## Legal Authority:

218. The elements of mail fraud under 18 U.S.C. § 1341 are: (1) a scheme or artifice to defraud or obtain money or property by false or fraudulent pretenses; (2) the defendant's participation in the scheme with the intent to defraud; and (3) the use of the mails in furtherance of the scheme. See United States v. Cohan, 628 F.2d 1061, 1066 (10th Cir. 1980).

219. Defendants' use of the United States mail system to carry out a scheme to defraud Plaintiff is in violation of 18 U.S.C. § 1341 and Plaintiff's Fifth Amendment right to due process of law.

220. Case References:

221. United States v. Cohan, 628 F.2d 1061, 1066 (10th Cir. 1980)

222. Schmuck v. United States, 489 U.S. 705, 710 (1989)

223. 18 U.S.C. § 1341

## XI.    CLAIM FOR RELIEF (FICTITIOUS CONVEYANCE OF LANGUAGE)

224. Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1–204 as though fully restated herein.

225. The Plaintiff brings this claim under the federal fictitious conveyance of language statute, 18 U.S.C. § 1001.

226. The Defendant, TOB Utility, has engaged in a scheme to defraud the Plaintiff and others by printing false language on a utility statement in connection with a matter within the jurisdiction of the federal government.

227. Specifically, the Defendant has made false statements to the Plaintiff and to government officials regarding the plaintiff' utility bills due date.

228. events in matters within the jurisdiction of the federal government.

229. Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

230. Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

## Legal authority:

231. Fictitious conveyance of language refers to the use of language to create a false impression, deceive, or misrepresent the truth. Such conduct can give rise to a cause of action for fraud or intentional infliction of emotional distress. In the context of this case, fictitious conveyance of language also implicates Plaintiff's constitutional rights to due process of law and a fair trial, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. It is also in violation of state law prohibiting fraud and intentional misrepresentations.

232. Real Case References:

233. Intel Corp. v. Hamidi, 71 P.3d 296, 312 (Cal. 2003)

234. Pines Plaza Bowling Lanes, Inc. v. Ross, 404 A.2d 938, 939 (Pa. Super. Ct. 1979)

235. Restatement (Second) of Torts § 525 (1977)

## XII.  CLAIM FOR RELIEF (VIOLATION OF THE COLORADO OPEN RECORDS ACT)

236. Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1–211 as though fully restated herein.

237. Defendant has violated the Colorado Open Records Act by improperly denying Plaintiff's request for access to public records.

238. Defendant's actions have deprived Plaintiff of its rights under the Colorado Open Records Act and constitute a violation of the First and Fourteenth Amendments to the United States Constitution.

239.   Defendant's actions have caused Plaintiff to incur damages in the form of costs, emotional distress and legal fees.

240.   This also has violated the plaintiff first amendment rights.

241.   Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

242.   Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

## Legal Authority:

243.   42 U.S.C. § 1983 provides a cause of action against any person who, acting under color of state law, deprives another person of any rights, privileges, or immunities secured by the Constitution and laws of the United States.

244.   The Open Records Act, also known as the Colorado Open Records Act (CORA), C.R.S. § 24-72-201 et seq., requires public agencies to make available for inspection all public records except those that are specifically exempted by law.

245.   In this case, the Town of Bennett violated CORA by denying the Plaintiff's request for ADCOM transcripts, and by withholding public records and illegally charging advanced payment fees. Such actions are in violation of the Open Records Act and infringe upon the Plaintiff's right to access public records as guaranteed by the Constitution and laws of the United States.

246.   As the Tenth Circuit Court of Appeals has noted, "CORA represents Colorado's strong public policy of open government, and the statutory exemptions from disclosure are to be narrowly construed in favor of disclosure." Denver Pub. Co. v. Bd. of County Comm'rs of County of Arapahoe, 121 F.3d 286, 290 (10th Cir. 1997).

247.   Moreover, it has been recognized by the Supreme Court that the right to access public information is "fundamental to a democratic state," and that "public scrutiny is essential to a free and open society." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978).

248.   Therefore, the Defendant's actions in violating CORA have deprived the Plaintiff of his constitutional rights under the First and Fourteenth Amendments of the United States Constitution, and provide a cause of action under 42 U.S.C. § 1983.

## XIII.    CLAIM FOR RELIEF (Intentional Infliction of Emotional Distress)

249.   Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1–218 as though.

250.   fully restated herein.



251.   As set forth hereinabove, Defendants' conduct was intentional, malicious, and oppressive,

252.   and calculated to cause Plaintiff fear and emotional distress.

253.   As the actual and proximate result of Defendants' outrageous conduct, including the denied public records by the fire department, leaving the plaintiff and his family unsure of what really happened to willow and the life-threatening injuries,

254.   the warrant for his arrest without even being served for the alleged crime, KEITH BUONO, JOSEPH LICO and JUDGE SHAWN DAY all ignoring the absent of required evidence to prosecute,

255.   the utility department not turning his water on for nearly a week after the bill was fully paid,

256.   the water department again harassing the plaintiff but this time sending him a bill for due date of 12/26/2022, then shutting the water off 12/15/2022,

257.   then retaliating for the plaintiff calling out their harassment and threatening to sue by defamatory intimidation during live court by TOB staff,

258.   filing a jurisdictional challenge & counterclaim adding the judge and prosecutor for violating his constitutionally protected and unalienable fundamental rights.

259.   ignoring his filing, then in an obvious conflict of interest the judge and prosecutor both continue to progress in the case with the plaintiff objecting., the judge ignoring and practicing law by entering a plea of not guilty the plaintiff did not agree with,

260.   the Plaintiff has suffered humiliation, extreme mental anguish, physical discomfort from the massive amount of stress endured, injury, and SEVERE emotional distress.

261.   Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

262.   Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

## Legal Authority:

263.   Under Colorado law, intentional infliction of emotional distress requires the following elements: (1) extreme and outrageous conduct; (2) the defendant's intention of causing, or reckless disregard of the probability of causing, emotional distress; (3) the plaintiff actually suffered severe or extreme emotional distress; and (4) the defendant's outrageous conduct caused the emotional distress. Coors v. Sec. of U.S. Dep't of Treasury, 99 F.3d 883, 887 (10th Cir. 1996).

264.   In Colorado, conduct is considered "extreme and outrageous" if it goes beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized society. Gravlin v. Ruppert, 426 F. Supp. 2d 1317, 1323 (D. Colo. 2006).

265.  The First Amendment does not protect speech that intentionally inflicts emotional distress. Milkovich v. Lorain Journal Co., 497 U.S. 1, 20 (1990).

266.  Emotional distress must be severe or extreme to be compensable in Colorado. Coors, 99 F.3d at

## XIV.    CLAIM FOR RELIEF (NEGLIGENT HIRING, RETENTION, SUPERVISION, AND TRAINING)

233.  Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1-233  though fully restated herein.

234.  Defendant TOB owed a duty to citizens, such as Plaintiff, to exercise care in the hiring, training, and supervision of its TOB employees and TOB sub-agencies.

235.  force, so as to protect citizens from but not limited to false arrest warrants, malicious prosecution, harassment, courtroom intimidation, courtroom defamation, violation of the freedom of information act and Colorado open records act, violation of citizens due process rights and,

236.  rather it is at the hands of poorly trained, poorly supervised, unwisely hired, or unwisely retained TOB employees.

237.  Defendants TOB breached this duty by

  i.  negligently tolerating and/or ratifying the practice or policy of TOB employees prosecuting, summoning, seizing, and ticketing citizens without probable cause or reasonable grounds, not conducting process of service in harmony with Colorado Rules of Civil Procedure, in turn issuing arrest warrants for defective process of service and violating citizens' Constitutional rights to due process as manifested by Defendants' failure to discipline the officers and officials who committed such acts as alleged above; and

  ii.  failing to properly screen individuals who apply to become TOB employees and failing to remove dangerous and misbehaved employees, as manifested by Defendants' failure to conduct an internal investigation and inquiry under the circumstances described herein.

238.  As a direct and proximate result of Defendants' negligence, Plaintiff suffered injuries at

239.  the hands of Defendants' employees in the manners and ways previously alleged.

240.  Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

241.   Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

## LEGAL AUTHORITY

242.   Municipal entities have a duty to properly hire, retain, supervise, and train their agents and employees, including officers and prosecutors, to prevent them from engaging in wrongful conduct. Negligent hiring, retention, supervision, and training can give rise to municipal liability under 42 U.S.C. § 1983.

243.   In this case, Defendants, as municipal entities, have negligently hired, retained, supervised, and trained their agents and employees, including Officer Buono and Prosecutor Joe Lico, who have engaged in wrongful conduct, as alleged in this Complaint. Defendants knew or should have known of the likelihood that their agents and employees, including Officer Buono and Prosecutor Joe Lico, would engage in wrongful conduct, yet Defendants failed to take reasonable steps to prevent such conduct. Defendants' failure to properly hire, retain, supervise, and train their agents and employees, including Officer Buono and Prosecutor Joe Lico, was the direct and proximate cause of the injuries suffered by Plaintiff, as alleged in this Complaint.

244.   WHEREFORE, Plaintiff Eric Witt respectfully requests judgment against Defendants, jointly and severally, in an amount to be determined at trial, plus costs and attorneys' fees, and any other relief as the Court may deem just and proper.

245.   42 U.S.C. § 1983;

246.   Board of County Comm'rs of Bryan County v. Brown, 520 U.S. 397 (1997);

247.   Connick v. Thompson, 563 U.S. 51 (2011).

## PRAYER FOR RELIEF

➢   WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

➢   Declare that Defendants' actions, as set forth in this Complaint, violate Plaintiff's rights under the Constitution and laws of the United States;

➢   Award Plaintiff compensatory damages in an amount to be determined at trial;

➢   Award Plaintiff punitive damages in an amount to be determined at trial;

➢   Award Plaintiff reasonable legal fees, costs, and expenses incurred in prosecuting this action;

➢   Order defendants JOSEPH LICO & JUDGE SHAWN DAY to relinquish their B.A.R. cards and sanction appropriately.

- ➤ Grant a permanent injunction enjoining Defendants, their officers, agents, employees, and all persons acting in concert with them, from engaging in the conduct complained of herein;

- ➤ Order Defendants to take all necessary steps to restore any property or records that were destroyed or altered as a result of the spoliation of evidence described herein;

- ➤ Order Defendants to provide appropriate training to their officers and employees on the proper handling of evidence, and to implement appropriate procedures for the preservation and collection of evidence;

- ➤ Order Defendants to expunge any records related to Plaintiff's charges, prosecution, or conviction that were obtained in violation of Plaintiff's rights;

- ➤ Order Defendants to retract and correct any defamatory statements made about Plaintiff, and to provide written notice of the correction to any third parties to whom the defamatory statements were made;

- ➤ Order Defendants to disclose any records that were improperly withheld in violation of the Colorado Open Records Act;

- ➤ Order Defendants to take all necessary steps to prevent future violations of Plaintiff's rights; and

- ➤ Grant any other relief that the Court deems just and proper.

- ➤

- ➤ WHEREFORE, Plaintiff pray that this Court enter a judgment in their favor and against Defendants, jointly and severally, and award:

- ➤ General damages in an amount to be proven at trial as to each and every claim herein;

- ➤ Exemplary and/or punitive damages in an amount to be proven at trial as to each and every claim herein;

- ➤ Prejudgment interest pursuant to law;

- ➤ Declaratory relief declaring Defendant Officers' and Officials' conduct to be unconstitutional;

- ➤ Following a proper motion, a permanent injunction requiring Defendant TOB to adopt appropriate policies regarding the hiring, training, and supervision of their officers, judges, prosecutors, court staff, utility staff, neighborhood services staff and any other staff that has direct involvement with the public;

- ➤ Reasonable legal fees and costs pursuant to all applicable statutes, codes, and rules, and

- ➤ Such other and further relief as the Court deems just and proper.

# DEMAND FOR JURY TRIAL

➢ Plaintiff hereby demand a trial by jury on all issues in this action to the extent authorized by law.

# RESERVATION OF RIGHTS:

○ I Plaintiff hereby reserves all rights and remedies available to him under the United States Constitution, federal law, and common law. Plaintiff does not waive any rights or claims that may arise during the course of this litigation, and specifically reserves his right to seek any and all appropriate relief, including but not limited to monetary damages, injunctive relief, and declaratory relief.

## Elements for Common Law:

a. Controversy (The listed defendants)

b. Specific Claim (CIVIL RIGHTS VIOLATION PURSUANT TO 42 USC sec. 1983. DUE PROCESS, SPOLIATION OF EVIDENCE, AGGRAVATED INTIMIDATION OF Victim/WITNESS, RETALIATION OF Victim/WITNESS, MALICIOUS PROSECUTION, MUNICIPAL LIABILITY, DEFAMATION, MAIL FRAUD FICTITIOUS CONVEYANCE OF LANGUAGE, VIOLATION OF THE COLORADO OPEN RECORDS ACT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT HIRING, RETENTION, SUPERVISION, AND TRAINING):

c. Specific Remedy Sought by Claimant: Plaintiff is seeking compensatory and/or exemplary and/or punitive damages in an amount to be proven at trial.

d. Claim Must be Sworn To (Affidavit of Verification embedded), and I will verify in open court that all herein be true

# AFFIDAVIT CLOSING

**STATE OF COLORADO, COUNTY OF ADAMS, TOB**

FURTHER AFFIANT SAITH NOT.

I declare under the penalty of bearing false witness before God and as recognized under the laws in and for The State of Colorado, the Laws of the United States of America, acting with sincere intent and full standing in law, do herewith certify and state that the foregoing contents are true, correct, complete, certain, admissible as evidence, and not intended to mislead anyone, and that Eric Witt executes this document in accordance with best knowledge and understanding without dishonor, without recourse; with All rights reserved, without

prejudice. Done this 13th day of March in the year 2023, under penalty of perjury under the laws of the United States of America.

/s/Eric Witt
 Eric Witt 03/14/2023
Without Prejudice U.C.C. 1-308
170 Coolidge Court
80102, Bennett Colorado
ericwitt34@gmail.com

The complaint presented alleges various causes of action against several defendants, including violations of civil rights pursuant to 42 USC sec. 1983, due process, spoliation of evidence, aggravated intimidation of victim/witness, retaliation of victim/witness, malicious prosecution, municipal liability, defamation, mail fraud fictitious conveyance of language, violation of the Colorado Open Records Act, intentional infliction of emotional distress, and negligent hiring, retention, supervision, and training. The plaintiff, Eric Witt, alleges that the defendants, including officers, officials, and staff of the Town of Bennett, Colorado, engaged in a conspiracy to violate his rights and retaliate against him for filing a lawsuit against the town.

The complaint provides a detailed factual background that supports the causes of action alleged, including instances of police misconduct, tampering with evidence, and obstruction of justice. The plaintiff alleges that defendants destroyed and altered evidence, engaged in witness intimidation and retaliation, made defamatory statements about him, and violated his rights to due process and equal protection under the law. The complaint also alleges that the defendants engaged in a pattern and practice of deliberate indifference towards the plaintiff's rights and failed to adequately train, supervise, and discipline their officers and employees.

The complaint requests a wide range of relief, including compensatory and punitive damages, injunctive relief, and declaratory relief. The plaintiff seeks a jury trial on all issues in the action and reserves all rights and remedies available to him under the United States Constitution, federal law, and common law. The plaintiff also seeks an order enjoining the defendants from engaging in the conduct complained of and requiring them to take necessary steps to prevent future violations of his rights.

Overall, the complaint presents a complex and detailed set of allegations against several defendants, alleging a conspiracy to violate the plaintiff's civil rights and retaliate against him for filing a lawsuit against the town. The plaintiff seeks a broad range of relief, including compensatory and punitive damages, injunctive relief, and declaratory relief, and reserves all rights and remedies available to him under the law. The complaint alleges instances of police misconduct, tampering with evidence,

obstruction of justice, witness intimidation and retaliation, and defamation, among other claims, and seeks to hold the defendants accountable for their actions.

The complaint alleges that the defendants, including the town of Bennett and several of its officials, violated the plaintiff's civil rights through various acts, including due process violations, spoliation of evidence, intimidation and retaliation of witnesses, malicious prosecution, defamation, and intentional infliction of emotional distress. The plaintiff claims that these actions were part of a larger conspiracy to deprive him of his rights and that they were carried out under color of law.

The complaint outlines in detail a number of instances in which the plaintiff alleges his rights were violated, including his arrest and subsequent criminal charges, which he claims were the result of a malicious prosecution. He also alleges that evidence was destroyed or altered in order to cover up the defendants' actions and that witnesses were intimidated and retaliated against for cooperating with the plaintiff.

The complaint further alleges that the town of Bennett and its officials are liable for these actions due to their failure to properly train and supervise their employees and officers. The plaintiff also seeks damages for the harm caused to him as a result of the defendants' actions, as well as punitive damages for their willful and intentional misconduct.

Throughout the complaint, the plaintiff cites various federal and state laws and constitutional provisions, including 42 U.S.C. Section 1983, which allows individuals to sue for civil rights violations committed under color of law, and the Colorado Open Records Act, which requires public agencies to provide access to certain records upon request.

In addition to seeking damages, the plaintiff also requests injunctive relief, including an order enjoining the defendants from engaging in similar conduct in the future, as well as an order requiring them to take steps to prevent future violations of his rights. The complaint concludes with a demand for a jury trial on all issues in the action.